# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN VALENTE,

      Plaintiff,      :      Case No. 3:08-cv-225

  -vs-                                Magistrate Judge Michael R. Merz

                                :

UNIVERSITY OF DAYTON,

      Defendant.

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

This case is before the Court on Plaintiff's "Motion for Reconsideration of Decision and Order Denying Quashing Notice of Deposition or in the Alternative Lift Stay for Purpose of Deposition and Classification of Witness" (Doc. No. 64).

In November and December, 2008, Plaintiff twice moved this Court to recuse itself (Doc. Nos. 47, 55). The Court promptly filed written decisions denying those Motions and explaining in some detail its reasons for doing so (Doc. Nos. 52, 56). Discontent with those decisions, Plaintiff filed a petition in mandamus in the Sixth Circuit to compel disqualification. *In re: John Valente*, Case No. 08-4707. The Sixth Circuit has undoubted jurisdiction to grant a writ of mandamus in such situations. *In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136 (6th Cir. 1990). If it does so, there is a risk it will also decide that the undersigned should never have sat as a judge in this case and require the undoing of all judicial acts. Making further decisions in the case could add greatly to the disentanglement burden imposed on the Defendant and any successor judge as well as being a complete waste of judicial resources. For those reasons, the Court stayed "all further action in this case . . . pending a decision in the mandamus case (Stay Order, Doc. No. 59, at 2.)

Plaintiff, who is the party seeking extraordinary relief by writ of mandamus, now seeks to lift the stay so that he can proceed with discovery. He makes a number of arguments in support.

Plaintiff argues first that depositions are not "proceedings" in a case and are not supposed to require either leave of court or court intervention. Plaintiff is correct that in many cases the vast bulk of discovery occurs without court intervention and there is nothing in Fed. R. Civ. P. 30 which required leave of court to proceed with Ms. Smarda's deposition. However, discovery in this case has not proceeded smoothly between the parties. Virtually every bit of discovery has required court intervention and there is no reason to suppose future discovery in the case would proceed any more smoothly than it has in the past.

The proposed deposition of Ms. Smarda is a prime example. Mr. Valente set the deposition without agreement of opposing counsel on the basis of his theory that a deposition is not a "proceeding" covered by the Stay Order – which does not stay "proceedings," but "all further action." He set the deposition for a Saturday, which is not ordinarily a work day. The Notice of Deposition provides that the testimony will be audio recorded by the Plaintiff himself albeit under the supervision of a notary public. Plaintiff may be able to construct a cogent argument that that method of conducting a deposition satisfies the requirements of the Federal Rules of Civil Procedure. However, the proposed method is so outside the boundaries of ordinary civil litigation practice that Plaintiff might reasonably have expected Defendant to seek a protective order. Unlike the usual deposition in the mine run of civil cases which proceeds without the court even knowing about it[1], this deposition plainly was going to require court attention,.

It is plain from Plaintiff's Motion that the Smarda deposition does not stand alone. There are an indefinite number of other potential witnesses "due to graduate in May 2009" who may be leaving the jurisdiction. Ms. Smarda is thought by Plaintiff to be "likely to able to identify the individuals

---

[1] Notices of deposition are not to be filed under Fed. R. Civ. P. 5.

having major roles and effects in the Plaintiff's disciplinary process" who presumably Plaintiff will also want to depose. Given past history of this litigation, all or many of these depositions may be expected to produce disputes the Court will have to adjudicate.

Plaintiff notes that adjudication of the writ of mandamus will take some time, including oral argument and a possible appeal.[2] He believes none of that time can be lost because there is much discovery and it is difficult to coordinate discovery among many individuals.

Plaintiff's dilemma is of his own making. He insists on pre-judgment review of his recusal request by extraordinary writ but also on proceeding with discovery which, given past experience, will be contentious and require court intervention. Resolution of the dilemma is in Plaintiff's hands. He is free to dismiss his mandamus petition without prejudice to his position on recusal post-judgment. This would allow the Court to continue to manage the case. Or he can await a decision of the Court of Appeals and take his chances on being able to obtain discovery when the stay is lifted.[3]

Plaintiff also asks the Court to decide that Ms. Smarda is a "party witness," and that his proposed method of conducting the deposition is permissible under Fed. R. Civ. P. 30. However, Plaintiff has not waived any potential disqualification of the Court even for purposes of deciding those two questions. The Court will not decide them at all, pending disposition of the Petition for Writ of Mandamus.

The Motion for Reconsideration is DENIED.

February 3, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[2] Of course, there is no right of appeal from a decision of a Circuit Court denying a writ of mandamus. The United States Supreme Court could hear such a case only on writ of certiorari.

[3] Witnesses who have moved from the jurisdiction are not "lost" to the process. So long as they are within the United States, they can be reached by subpoena from other federal courts who have territorial jurisdiction. Fed. R. Civ. P. 45.