# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN VALENTE,

    Plaintiff,    :    Case No. 3:08-cv-225

  -vs-    Magistrate Judge Michael R. Merz

        :

UNIVERSITY OF DAYTON,

    Defendant.

## DECISION AND ORDER REGARDING PLAINTIFF'S EXPERTS

This case is before the Court on Defendant's Motion to Preclude Plaintiff from Offering Expert Testimony and to Strike Plaintiff's Notice of Expert Witnesses (Doc. No. 82). The Motion was filed and served on June 15, 2009. Thus any response from Plaintiff was due on or before July 9, 2009, but no response has been filed.

The second branch of the Motion is made under Fed. R. Civ. P. 5(d)(1) and is granted. The relevant rule provides that disclosure and discovery documents are not to be filed. The proper remedy is to strike them. However, an order striking a discovery or disclosure document does not prevent it from being effective; the purpose of the Rule amendment was to avoid crowding clerks' offices with bulky discovery documents in the time before electronic filing.

Plaintiff's disclosure of expert witnesses was timely under the post-stay Scheduling Order (Doc. No. 73). That Order granted the Plaintiff exactly as much time as he had requested, almost a six-month extension on the time set in the original Scheduling Order, over the objection of Defendant. The question is whether they are exempt from the requirement to provide an expert report, which none of them did. Plaintiff lists Scott Mote, Stephanie S. Krznarich, and Megan

1

Robertson as expert witnesses who are treating him.

Fed. R. Civ. P. 26(a)(2)(B) requires that the disclosure of an expert witness be accompanied by a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." The requirement for a report does not apply to an expert employed by a party whose duties do not regularly involve giving expert testimony. *Kal Kan v. Iams,* 197 F. Supp. 2d 1061 (S.D. Ohio 2002). The Advisory Committee Note on the 1993 amendment to this Rule is well known to exclude treating physicians as an example to testifying experts not required to prepare a report, but the Committee gave no other examples. Numerous cases interpret the "treating physician" exception to the expert report requirement and limit treating physicians to testimony based on their treatment. See *Mohney v. USA Hockey*, Inc., 138 Fed. Appx. 104, (6th Cir. 2005), citing *Harville v. Vanderbilt University, Inc.*, 95 Fed. Appx. 719 (6th Cir. 2003), and *Ridder v. City of Springfield,* 108 F.3d 1377 (6th Cir. 1997)(upholding the undersigned's limitation of treating physician testimony to what was observed in the course of diagnosis and treatment). In *Fielden v. CSX Transp., Inc.,* 482 F.3d 866 (6th Cir. 2007), the court discussed at some length the treating physician exception and its purpose and scope.

Applying these cases, the Court determines that Plaintiff need not file an expert report as to Ms. Krznarich and Ms. Robertson, so long as these are in fact treating psychological professionals and their testimony is limited to their observations in treating Plaintiff and any extensions of that testimony proper under *Fielden*.

However, Mr. Mote is listed as having a Juris Doctor degree and being Executive Director of the Ohio Lawyer Assistance Committee of the OSBA. Plaintiff's disclosure of Mr. Mote as a "treater" is too opaque for the Court to allow him as an expert witness without a report in the absence of a much fuller description of what expert opinions he is expected to offer and why they

would qualify under the Sixth Circuit's interpretations of Fed. R. Evid. 702. The Court is unaware of any instance when an attorney has been offered as an expert witness treater and allowed to testify without a report. Plaintiff has had an opportunity to show why Mr. Mote should not be excluded, but has failed to respond to Defendant's Motion. Accordingly, Mr. Mote's testimony will be excluded.

Plaintiff's last proffered expert, Frank A. Wisehart, is being offered on economic issues, to wit, lost earnings and costs. He plainly comes within the description of expert witnesses in Fed. R. Civ. P. 26(a)(2) who are required to provide reports. Since he has not done so, his testimony will be excluded.

July 11, 2009.

s/ **Michael R. Merz**

United States Magistrate Judge