# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN T. VALENTE,

      Plaintiff,      :      Case No. 3:08-cv-225

   -vs-      Magistrate Judge Michael R. Merz

      :

UNIVERSITY OF DAYTON,

      Defendant.

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION OF SANCTIONS

This case is before the Court on Plaintiff's Motion (Doc. No. 101) for Reconsideration of the Decision and Order (Doc. No. 98) granting Defendant's Motion for Sanctions (Doc. No. 81).

The Motion for Sanctions was filed June 15, 2009, and any response was therefore due, under S. D. Ohio Civ. R. 7.2, by July 9, 2009. No response had been filed by July 13, 2009, and the Court entered its Decision and Order on the same day at 8:25 A.M. A copy of the Decision was mailed to Plaintiff, but he must have learned of it before receiving the mailed copy, because his Motion for Reconsideration was filed at 12:42 P.M. on July 13, 2009, about four hours after the Decision was docketed. Plaintiff claims he prepared and mailed a response, but does not say when he did so; no response has been received by the Clerk as of July 27, 2009. However, because the request for reconsideration was made promptly after the Decision was filed, the Court is willing to reconsider the sanctions decision on the basis of the memorandum Plaintiff attaches to the Motion for Reconsideration.

Plaintiff first argues that the parties were equally at fault in occasioning the Defendant's

Motion for Protective Order; as Plaintiff puts it, "Defendant was right on one issue and wrong on the other in its motion for protective order." (Doc. No. 101-2 at 1.) Plaintiff believes Defendant was wrong in that portion of the Motion to Enforce Stay and for Protective Order which sought relief from Plaintiff's plan to record the deposition himself. As later motion papers filed regarding the deposition of Lori Shaw show, there is a great deal of authority to the effect that the record of a deposition cannot be made by an interested party. Certainly this Court has not so held. The issue was not decided with respect to the Smarda deposition because there was no need to decide it: the Court issued the protective order because the stay pending mandamus was still in effect. The Court skirted the question again with the Shaw deposition by providing both a neutral recorder and a neutral presiding officer. But the weight of authority on this issue favors Defendant, not the Plaintiff. Assuming this is the issue on which Plaintiff thinks Defendant was wrong, he is mistaken, although deciding the issue in Defendant's favor was not necessary in order to decide the Motion. Plaintiff specifically relies on Fed. R. Civ. P. 37(a)(5)(C) which relates to motions for protective order which are granted in part and denied in part. Here the motion for protective order was completely granted.

Plaintiff's second argument is that his issuance of the Notice of Deposition for Jade Smarda was "substantially justified." But it is not the issuance of the subpoena alone which is before the Court. Plaintiff issued the subpoena and then refused to back down from taking the deposition while the stay was in place, forcing Defendant to file the Motion.

Plaintiff argues that because our legal system is adversarial, a party should not be sanctioned for making a colorable argument. That, however, is not the standard adopted by the Supreme Court in Fed. R. Civ. P. 37. To avoid imposition of the opposing party's reasonable expenses, a party must show not that his argument was colorable but that his position was "substantially justified." Plaintiff's position – that discovery should go forward even though the case had been stayed to

2

protect Plaintiff's interest in a favorable decision on his mandamus petition – was not substantially justified.

Plaintiff argues Defendant has no standing to seek sanctions regarding the deposition of Jade Smarda because she is a non-party witness, although he classified her as an agent of Defendant when seeking a deposition date. Plaintiff cites no authority for this position and the Court is unaware of any. Defendant certainly had standing to object to the formal taking of evidence while the case was stayed and is entitled to reasonable expenses for having had to file a motion to obtain that relief.

Finally, Plaintiff claims imposition of sanctions on him as a *pro se* litigant violates his equal protection and due process rights. He relies on *Bolling v. Sharpe,* 347 U.S. 497 (1954) and *Yick Wo v. Hopkins*, 118 U.S. 356 (1886). In *Bolling* the Supreme Court applied the equal protection rationale of *Brown v. Bd. of Education*, 347 U.S. 483 (1954), to the schools of the District of Columbia. It was obliged to do so under the Due Process Clause of the Fifth Amendment because the Equal Protection Clause of the Fourteenth Amendment, under which *Brown* was decided, applies only to the States. In *Yick Wo*, the Court decided that a facially-neutral San Francisco ordinance regulating laundries was in fact a pretext for discriminating against Chinese and Chinese-American laundry operators.

Plaintiff has not spelled out his constitutional argument, but presumably it is that Fed. R. Civ. P. 37 is unconstitutional because it discriminates against *pro se* litigants. The attorney fee portion of Rule 37 does indeed "discriminate" against *pro se* litigants by denying them recovery of attorney fees – but only because they have not incurred any attorney fees. There is no invidious discrimination involved at all in that distinction; *pro se* litigants have no out-of-pocket attorney fees to be compensated for.

Upon reconsideration, the Court confirms its prior award of sanctions to Defendant.

July 27, 2009.

s/ **Michael R. Merz**

United States Magistrate Judge