# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JOHN T. VALENTE,

             Plaintiff,           :         Case No. 3:08-cv-225

     -vs-                         Magistrate Judge Michael R. Merz
                          :

UNIVERSITY OF DAYTON,

             Defendant.

---

## DECISION AND ORDER ON THE SUFFICIENCY OF DEFENDANT'S ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSION

---

This case is before the Court on Plaintiff's Motion for the Court to Determine the Sufficiency of the Answers Defendant has made to Plaintiff's Requests for Admission (Doc. No. 80). Defendant has filed a Memorandum in Opposition (Doc. No. 95) and Plaintiff a Reply in support (Doc. No. 103). Plaintiff's Motion is brought under Fed. R. Civ. P. 36(a)(6) which permits a requesting party to bring such a motion without certifying to extrajudicial effort to resolve disputes.[1]

---

[1] S. D. Ohio Civ. R. 37.1 and 37.2 prohibit the filing of any motion under Fed. R. Civ. P. 26 **or** Fed. R. Civ. P. 37 without prior consultation among counsel, memorialized in the motion. The version of Rule 37.1 effective in the sets of local rules published October 1, 1991; February, 1995; March 1, 1999; December 1, 2000; June 14, 2004; and May 1, 2006, refers to objections, motions, applications and requests relating to discovery under "Rules 26 **and** 37" while the version of Rule 37.2 refers to motions pursuant to Rule 26(c) **or** Rule 37(a). The current language appears to have been introduced with the version of the Local Rules effective September 1, 2008. The undersigned has always understood the Local Rules to require consultation among counsel as to any discovery dispute before filing a motion, perhaps because Local Rule 17(a), effective September 1, 1969, and still effective when the undersigned took the examination to be admitted to the Bar of this Court, provided "No interrogatories, request, motion or application will be filed under Rules 26 **through** 37 of the Federal Rules of Civil Procedure until counsel have explored . . . ." The language "Rules 26 **through** 37" was also used in Rules 17(b) and 17(d), the analogues to S. D. Ohio Civ. R. 37.2.

The Court finds that Defendant's objections to the Requests for Admission are well taken and that the Defendant has therefore adequately responded to Plaintiff's Requests. As a general matter, the answers Plaintiff seeks to obtain to his Requests, at least as apparent from the motion papers, are an inappropriate use of this method of discovery because they seek admissions of relatively complex conclusions without appropriate qualifications or definitions.

July 27, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge