# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN VALENTE,

      Plaintiff,                    :            Case No. 3:08-cv-225

    -vs-                                       Magistrate Judge Michael R. Merz

                                      :

UNIVERSITY OF DAYTON,

      Defendant.

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR STAY PENDING APPEAL ON CONDITION

This case is before the Court on Plaintiff's Motion to Stay Sanctions Pending Appeal (Doc. No. 109).

The factors to be considered in determining whether to issue a preliminary injunction are

> 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
> 2) Whether the plaintiffs have shown irreparable injury;
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
> 4) Whether the public interest would be served by issuing a preliminary injunction.

*Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The same factors are to be considered when determining whether to grant a stay pending appeal. *Ohio, ex rel. Celebrezze, v. Nuclear Regulatory Comm'n.,* 812 F.2d 288 (6th Cir. 1987).

Plaintiff makes no effort to bring himself within this standard and indeed cites no authority at all except *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198 (1999), in which the Court held that a sanctions order against an attorney was not subject to interlocutory appeal. Instead, Plaintiff focuses on the fact that he is proceeding *in forma pauperis* in this case and the University of Dayton is a large and wealthy institution. Plaintiff gives no detail on the harm which would accrue to him from being required to pay immediately and essentially asks the Court to infer that an institution with over $1 billion in assets can afford to wait for payment of the $1,700 in sanctions which he has been ordered to pay.

Plaintiff misses the point. Fed. R. Civ. P. 37 provides for sanctions to compensate parties who have had to undergo unnecessary expense to respond to discovery abuse. Presumably the availability of such sanctions also deters parties from committing sanctionable conduct and their actual award deters future misconduct. The Rule does not invite, or even permit, a federal court to inquire into the relative capacity of a party to pay unless perhaps the difficulty in paying is an "other circumstance [which] make[s] an award of expenses unjust."

Plaintiff is presumably pursuing this case vigorously because he wishes earnestly to obtain a law degree and become a practicing attorney. One important lesson any aspiring attorney must learn is not to abuse the discovery process and to cooperate with opposing counsel in avoiding disputes. Plaintiff was sanctioned in this instance because he insisted on proceeding in a certain way despite the Court's having stayed the proceedings to protect his interests in the mandamus action he then had pending. Without appearing too pedantic, the Court would suggest Plaintiff could learn a great deal, without retreating from his adversarial stance, by observing the professionalism of opposing counsel in this case.

In order to encourage a more professional approach by Plaintiff, the Court orders the payment of sanctions already awarded in this case stayed pending appeal, on condition Plaintiff not

engage in any further sanctionable conduct.

August 3, 2009.

                                            s/ **Michael R. Merz**
                                        United States Magistrate Judge