# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN VALENTE,

      Plaintiff,                    :         Case No. 3:08-cv-225

    -vs-                                     Magistrate Judge Michael R. Merz
                                  :

UNIVERSITY OF DAYTON,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion to Vacate the Order of Reference in this case (Doc. No. 88). Defendant opposes the Motion (Doc. No. 108). Plaintiff's time to file a reply memorandum in support expired on August 17, 2008, and no reply has been filed.

Obviously, a motion to vacate under 28 U.S.C. § 636(c)(4) must ultimately be decided by a district judge. The District Judges decided that the Magistrate Judge would prepare a report and recommendations on the Motion and neither party has objected to that procedure (Doc. No. 99).

### Procedural History

Upon initial filing, this case was randomly assigned to District Judge Rice and Magistrate Judge Merz by the electronic filing system. Because Plaintiff is proceeding *pro se*, the case was also automatically referred to Magistrate Judge Merz for all pretrial purposes pursuant to the Dayton General Order of Assignment and Reference. It was pursuant to that automatic reference that Magistrate Judge Merz granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. No.

1

1 and notation order granting). The Complaint, filed July 1, 2008, was accompanied by Motions to Expedite Discovery and for Preliminary Injunction (Doc. Nos. 4, 5).

On July 5, 2008, District Judge Rice signed and filed an Order of Reference specific to this case which provided in its entirety:

> This case is a refiling of the case previously pending between Plaintiff and the University of Dayton School of Law, Case No. 3:07-cv-473. In that case the parties unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the case was referred to Magistrate Judge Merz on that basis. After Judge Merz heard evidence on and decided the preliminary injunction motion in that case, it was dismissed without prejudice "on condition that any claims against the Defendants or either of them relating to the matters raised in this case be re-filed in this Court before the undersigned in order to prevent forum shopping." (Dismissal Order in 3:07cv-473, Doc. No. 56). Plaintiff acknowledged that condition in filing the above-captioned action.
>
> Accordingly, upon unanimous consent of the parties, this case is referred to United States Magistrate Judge Michael R. Merz, pursuant to 28 U.S.C. §636(c), for all further proceedings.

(Doc. No. 6). Plaintiff filed the instant Motion a year later. The Motion has been transferred to District Judge Rose for decision (Doc. No. 99).

The original Complaint in the prior case purported to plead causes of action for gross negligence (Counts 1,3, and 5) and negligence (Counts 2, 4, and 6) against the University of Dayton School of Law ("UDSL") and its Associate Dean for Academic Affairs, Harry Gerla, related to the purported ability of students other than Plaintiff to use a "drag and drop" feature in taking examinations using software authorized by UDSL and thereby obtain higher grades in criminal law than the Plaintiff, Plaintiff sought money damages in excess of $1 million and injunctive relief changing his criminal law grade and placing him on the UDSL law review (Complaint in Case No. 3:07-cv-473, Doc. No. 4.)

However, on January 18, 2008, before any substantial judicial involvement in the case, Plaintiff filed a Motion for Temporary Restraining Order to prevent UDSL from proceeding with

an Honor Council investigation of allegations Plaintiff had violated the Honor Code with respect to the advanced criminal law examination.[1] Shortly thereafter the parties unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and Judge Rose referred the case on that basis to the undersigned (Case No. 07-473, Doc. No. 11). Plaintiff filed a Motion for Joinder of Claims which sets forth four breach o0f contract claims against UDSL. *Id*. at Doc. No. 17. In order to avoid delaying potential relief to Plaintiff but also to interfere as little as possible with UDSL's Honor Council proceedings, and at Plaintiff's request, the Court heard the preliminary injunction motion seeking to stop the Honor Council proceedings on February 4-5, 2008 (see minutes at Doc. Nos. 42, 44) and issued a Decision denying preliminary injunctive relief on February 6, 2008.

No appeal was taken from that Decision. On March 12, 2008, before a preliminary pretrial conference could be held, Plaintiff moved to voluntarily dismiss the case (Doc. No. 55). Plaintiff gave no reason for the dismissal. Fearing an inappropriate attempt at forum shopping, the undersigned granted the dismissal "on condition that any claims against the Defendants or either of them relating to the matters raised in this case be re-filed in this Court before the undersigned, in order to prevent forum shopping." *Id*. at Doc. No. 56.

The instant case was filed 111 days later, on July 1, 2008 (Doc. Nos. 1 and 2). The Complaint describes the "drag-and-drop" dispute and the initial attempt to enjoin the Honor Council proceedings. It adds that the Honor Council proceedings resulted in Plaintiff's being suspended from UDSL until at least the fall semester of 2009. At ¶ 19 he recites "[h]aving more pride than common sense, he now files contemporaneously his Complaint reopening this case detailing UDSL's additional breaches and consequential damages." The Complaint purports to state causes of action

---

[1]This was about a different course from the criminal law course involved in the "drag and drop" dispute.

for breach of contract and/or breach of fiduciary duty and/or breach of a common law duty of good faith and fair dealing and/or negligence (Cause of Action One, Two, Three, and Four), failure to train and/or supervise (Five), intentional infliction of emotional distress (Six), promissory estoppel/detrimental reliance; negligent misrepresentation (Seven, Eight, and Nine), fraud and scheme to defraud (Ten and Eleven), and civil conspiracy (Twelve).

Once again, Plaintiff sought expedited discovery and a prompt preliminary injunction hearing (Doc. Nos. 4, 5). In order to give Plaintiff a decision prior to the start of the Fall, 2008, semester, the Court heard evidence on the preliminary injunction motion on August 20-22, 2008, and filed a Decision denying that motion on August 25, 2008 (Doc. No. 35). Plaintiff appealed from that Decision to the Sixth Circuit which has not yet decided the case.

## Analysis

Plaintiff first asserts that Judge Rice was in error in believing that this case is a re-filing of the previous case. Instead, Plaintiff asserts, the causes of action in the previous case are not present in this case, nor were the causes of action in this case presented in the prior case. The condition on the dismissal in the prior case was that "any claims against the Defendants or either of them relating to the matters raised in this case be re-filed in this Court before the undersigned in order to prevent forum shopping." There can be no doubt when comparing the two Complaints that the claims made in this case "relate" to matters raised in the prior case. While the word "re-filing" in the Order of Reference is an oversimplification, this case meets the condition imposed on the voluntary dismissal in the prior case.

Secondly, Plaintiff asserts Judge Rice was mistaken in concluding that this case was related to the prior case on the basis of Plaintiff's having conceded that the cases were related in his

4

Complaint in this case. Whether or not Plaintiff's **concession** that the cases were related is crystal clear, the relation of the two cases is patent without any such concession by Plaintiff.

Third, Plaintiff recites a dialogue between Defendant's counsel and the Court concerning "jurisdiction," which he says relates to this topic and makes the jurisdiction disputed. However, Plaintiff has quoted the words out of context.[2] When the whole dialogue is read, it is clear that Mr. Hallinan is concerned that Mr. Valente did not affirmatively plead subject matter jurisdiction in the Complaint in this case and Mr. Hallinan wanted a finding of subject matter jurisdiction in order to avoid a collateral attack "across the street," to wit, in the Montgomery County Common Pleas Court. Mr. Valente had filed his first case in both courts. This Court found in the first case that it had subject matter jurisdiction under 28 U.S.C. § 1332 because the parties were of diverse citizenship and more than $75,000 was in controversy. During the hearing on July 31, 2008, the Court found that it had subject matter jurisdiction of this case on the same basis as the prior case because the relevant subject matter jurisdictional facts had not changed. The discussion had to do only with subject matter jurisdiction, not magistrate judge authority under § 636(c).

Fourth, Plaintiff argues Defendant is estopped from claiming this case is related to the prior case because

> The Plaintiff filed a 41(a)(l)(A) as directed by the Defendant. The Defendant even supplied the form for the Plaintiff to tile. If the representations made by the Defendant had been true, the Court could not have imposed the condition that re-tiling or related cases be tiled before the same court, which is the basis of the issue at bar.
>
> Because the Defendant told the Plaintiff that he could dismiss the case pursuant to 41 (a)(l)(A) and the Plaintiff acted in reliance upon that representation, the Plaintiff should not be held to a condition imposed by the Court that it could not have imposed had the representation of the Defendant been true.

---

[2]Plaintiff refers to a transcript of proceedings on August 31, 2008. In fact, the proceedings occurred on July 31, 2008 (See Transcript, Doc. No. 24).

(Motion, Doc. No. 88, at 9-10). Plaintiff offers no evidentiary support for this claim, either by way of his own affidavit or an affidavit from counsel who represented UDSL in the prior case. If UDSL's prior counsel made that representation, it was an error of law.[3] The Court promptly pointed this out to Plaintiff in the Order of Dismissal, noting that Federal Rule of Civil Procedure 41 does not permit dismissal without prejudice upon mere motion of a plaintiff, but requires defendant's permission after answer and allows the court to impose conditions. Having been thus advised, Plaintiff never objected to the condition on the dismissal and never advised the Court of this supposed bad legal advice from Defendant's counsel until after this "new" case had been pending for a year.

Finally, Plaintiff asserts that revoking the Order of Reference would "help correct the appearance of impropriety." (Motion, Doc. No. 88, at 12) This Court has twice rejected Plaintiff's motions for disqualification and the Sixth Circuit has also denied Plaintiff mandamus relief on this question. (Doc. No. 68). There is, in the undersigned's opinion, no disqualifying appearance of impropriety in the undersigned's continued presiding in this case.

**Conclusion**

There is no question that (1) all parties consented in the prior case, (2) the prior case was dismissed without prejudice on condition that any new case with related claims be filed before the undersigned, and (3) Judge Rice reasonably concluded that this case met that condition and thus referred it pursuant to the valid consent in the prior case. 28 U.S.C. § 636(c)(4) authorizes a district

---

[3] Defendant's Memorandum in Opposition is accompanied by numerous pieces of email correspondence between Plaintiff and the attorney who represented UDSL in the prior case. Plaintiff has not disputed the accuracy of any of these emails. Their content supports the Court's conclusion that Plaintiff did not understand the difference between voluntary dismissal in the Ohio and federal systems.

6

judge to vacate a consent reference to a magistrate judge "under extraordinary circumstances shown by any party." Plaintiff has not demonstrated any such extraordinary circumstances. The context in which the Motion was filed – a year after the Order of Reference and after three recusal efforts failed – plainly show it is intended as a forum-shopping measure. This Court should not interpret § 636(c)(4) to allow such forum shopping. The Motion to Vacate should be denied.

August 24, 2009.

                     s/ **Michael R. Merz**
                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).