# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN VALENTE,

      Plaintiff,                  :         Case No. 3:08-cv-225

  -vs-                                     Magistrate Judge Michael R. Merz

                               :

UNIVERSITY OF DAYTON,

      Defendant.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO CONDUCT ADDITIONAL DISCOVERY UNDER Fed. R. Civ. P. 56(f)

This case is before the Court on Plaintiff's Motion to Conduct Discovery Before Responding to Defendant's Motion for Summary Judgment (Doc. No. 127). Plaintiff seeks to depose Dr. Daniel Curran, the President of the Defendant; John Hart, Defendant's general counsel; Lisa Kloppenberg, the Dean of the University of Dayton School of Law; Linda Cole, the Registrar of the law school; and the University itself, presumably through one or more Fed. R. Civ. P. 30(b)(6) witnesses.

After the Court heard and decided Mr. Valente's motion for preliminary injunction, it held a preliminary pretrial conference and then entered a Scheduling Order with a discovery cut-off date that was agreed to by the parties. With respect to that date, the Order provided:

> The term "discovery" includes any depositions for presentation at trial in lieu of appearance.
>
> The discovery "cut-off" deadline means that all discovery must be concluded, as opposed to simply requested, by the discovery "cut-off" date. Purely as a hypothetical example, request for the production of documents, with a 28-day response time, must be served upon the opposing party in sufficient time to allow said party to respond prior to the discovery "cut-off" date.

1

> No extension of the discovery "cut-off" deadline will be allowed if
> such extension would impact adversely on the trial date set herein.

(Scheduling Order, Doc. No. 44, at 4.) The cut-off was originally set for April 3, 2009. *Id.* After the delay occasioned by Mr. Valente's petition to the Sixth Circuit for mandamus to disqualify the undersigned, the discovery cut-off was re-set to October 1, 2009, again as requested by the parties. (Amended Rule 26(f) Report, Doc. No. 70, at ¶ 5j; Amended Scheduling Order, Doc. No. 73.) That deadline has now expired and Defendant has filed a post-discovery motion for summary judgment, again as contemplated by the schedule agreed to by the parties.

On July 7, 2009, Plaintiff filed his Lay Witness List, disclosing, among others, all of the individual witnesses he has listed in his request to reopen discovery. The topics on which he desires to depose these witnesses are issues which have been in this litigation since its inception. As his excuse for not having deposed these witnesses during the discovery period, Mr. Valente states:

> The Plaintiff did not conduct discovery on these topics and witnesses because he felt that there was no need to do so to prepare for trial. The Plaintiff believes he knows approximately what these witnesses would testify at trial and therefore [had] no need to conduct this discovery. Additionally, conducting discovery on these issues would have unnecessarily revealed knowledge and strategy of the Plaintiff to the Defendant.

(Motion, Doc. No. 127, at 4.)

Plaintiff has not shown he needs to depose any of these witnesses to oppose the pending motion. He has already taken the Rule 30(b)(6) deposition of the University. The sole affidavit offered by Defendant in support of the motion is that of Dean Lori Shaw whom Plaintiff has deposed. He has not offered a scrap of proof that Dr. Curran has any knowledge about this controversy. He desire to depose Mr. Hart seems to be related to the collateral issue of whether the University's General Counsel obtained information in violation of what Mr. Valente asserts are confidentiality obligations. While Dean Kloppenberg may have relevant information, Plaintiff's excuses for not deposing her during the discovery period are unpersuasive: discovery is both for trial

and for opposition, if need be, of summary judgment.

The authority cited by Plaintiff does not support his position. In *Vance v. United States*, 90 F.3d 1145 (6th Cir. 1996), the court reiterated the general rule that summary judgment for a defendant is improper if the plaintiff has not been "afforded a sufficient opportunity for discovery." *Id.* at 1148, citing *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir. 1994). In this case Plaintiff was given a more than ample opportunity for discovery, indeed exactly as much time as he requested, both on initial scheduling and re-scheduling after the mandamus action. Moreover, the Court has facilitated Plaintiff's discovery by providing its courtroom (a neutral space in which to conduct depositions) and actually presiding or providing a neutral presider when the parties could not agree.

This case has been pending for almost a year and a half, and Plaintiff also had opportunity to obtain evidence in his prior case on the same subject. He now seeks to reopen discovery after expiration of a generous cut-off to obtain testimony from people he listed as his own witnesses who have not offered affidavits in support of the motion he opposes.

Plaintiff's Motion to Conduct Discovery is DENIED.

November 17, 2009.

                       s/ **Michael R. Merz**
                        United States Magistrate Judge