# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN VALENTE,

      Plaintiff,        :        Case No. 3:08-cv-225

    -vs-                              Magistrate Judge Michael R. Merz
                            :

UNIVERSITY OF DAYTON,

      Defendant.

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR STAY AND FOR DISCOVERY ON PENDING MOTION FOR RECUSAL**

This case is before the Court on Plaintiff's Motion for Stay of Reply to Defendant's response to Motion for Recusal and For Additional Discovery to Reply (Doc. No. 128).

The gravamen of Plaintiff's instant Motion is that, in responding to his Motion for Judicial Recusal on constitutional grounds, Defendant has asserted that granting recusal at this stage would "generate significantly more costs in the final stages of this litigation" (Response, Doc. No. 126, at 5).

In making the instant Motion for recusal, Plaintiff relies on *Caperton v. A.T. Massey Coal Co.*, 556 U.S. ___, 129 S. Ct. 2252 (2009), where the Supreme Court extended the prior doctrine of constitutionally required recusals to a state supreme court justice who participated in the judgment of a case of a party who made extraordinary contributions to his effort to be elected. While there are many questions about the meaning of Justice Kennedy's majority opinion, at least forty of which were raised in the Chief Justice's dissent, there is no suggestion that a constitutionally-required recusal depends on how much inconvenience or expense would be caused to one or more of the

1

parties by changing judges at some point in the proceedings. In *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), a case not cited in *Caperton*, the Supreme Court required recusal on a finding of a fiduciary conflict of interest on a Fed. R. Civ. P. 60(b)(6) motion filed well after trial was completed. Moreover, in this case the Plaintiff acted very promptly to raise the *Caperton* issue, doing so in his request for en banc review in the Sixth Circuit immediately after the opinion was rendered.

If the Due Process Clause of the Fifth Amendment requires recusal here, whether or not that will cause significant additional expense to either party is irrelevant. The Court will accordingly not consider any evidence to that effect and Plaintiff may not conduct discovery to determine if Defendant's assertion is justified. The Motion for Stay and Discovery is DENIED.

November 16, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge
