# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN VALENTE,

      Plaintiff,     :     Case No. 3:08-cv-225

   -vs-                                    Magistrate Judge Michael R. Merz

                                          :

UNIVERSITY OF DAYTON,

      Defendant.

## DECISION AND ORDER DENYING PLAINTIFF'S SECOND MOTION TO CONDUCT DISCOVERY BEFORE RESPONDING TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case is before the Court on Plaintiff's Second Motion to Conduct Discovery Before Responding to Defendants' [sic] Motion for Summary Judgment and Stay of Response (Doc. No. 133).

Just yesterday, November 17, 2009, the Court denied Plaintiff's first motion seeking this relief (See Doc. Nos. 127, 129). The instant Motion is therefore in the nature of a motion for reconsideration. "As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. Rehab. & Corr.*, 181 F.R.D. 571 (S.D. Ohio 1998)(Marbley, J.), quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). There could hardly have been any evidence discovered or intervening authority since yesterday, so the Court examines the Motion for any showing that then prior order contained a manifest error of law.

Plaintiff recites at length the types of evidence he expects to elicit on deposition from the

1

witnesses he seeks to depose. What he fails to explain, despite reference to it in the Court's prior Order, is why he did not depose these witnesses during the discovery period when he himself listed them on his lay witness list and they might well be expected to be adverse to him, since they are all officers or employees of the University of Dayton. In addition, the sole evidentiary support for the Defendant's summary judgment motion is the Affidavit of Dean Shaw, whom the Plaintiff has deposed, both individually and as the University's 30(b)(6) witness[1].

Plaintiff argues that the phrase "ample opportunity for discovery" in the governing case law includes time to conduct discovery after an agreed-upon discovery cut-off when the opposing party's motion for summary judgment has been filed after the discovery cut-off date (Motion, Doc. No. 133, at 9.) As a general proposition, that would make discovery cut-offs and summary judgment deadlines meaningless and would throw into a cocked hat the standard practice in this and many courts of setting a summary judgment deadline after discovery cut-off. In addition, Plaintiff can hardly pretend he understood he would have a post-summary judgment opportunity to reopen discovery since the Scheduling Orders clearly indicate that all discovery for whatever purpose must be completed by the discovery deadline.

Plaintiff complains "[i]t seems as though this Court is requiring that a party conduct discovery needed to respond to motions for summary judgment prior to the discovery deadline, even when the filing of the motion for summary judgment is after the discovery cut-off." That is precisely correct and that is exactly what every federal judge in Dayton does in every civil case filed in this Court. What Rule 56 requires is an "ample opportunity" to conduct discovery, not a new opportunity to do so after the discovery period agreed to by the parties has expired.

---

[1] Plaintiff had Dean Shaw under oath as the University's Fed. R. Civ. P. 30(b)(6) witness. What questions does he intend to ask the University now that he did not ask her then? And why should he be given a second opportunity?

The Second Motion to Conduct Discovery is denied.

November 18, 2009.

                                                          s/ **Michael R. Merz**
                                                          United States Magistrate Judge