# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN T. VALENTE,

   Plaintiff,   :   Case No. 3:08-cv-225

 -vs-           Magistrate Judge Michael R. Merz

            :

UNIVERSITY OF DAYTON,

   Defendant.

## ORDER VACATING TRIAL DATE

   This case is before the Court *sua sponte* upon receipt of a copy of Plaintiff's second Petition for Writ of Mandamus for Judicial Disqualification.

   Plaintiff filed his first Petition for Writ of Mandamus to Compel Disqualification almost one year ago, on December 18, 2008. At that time the Court *sua sponte* stayed all further proceedings in the case pending resolution of the Petition for Mandamus. (Doc. No. 59). The stay remained in place until the Sixth Circuit denied mandamus on May 1, 2009. After the stay was vacated (Doc. No. 67), the parties herein proceeded with discovery which was ordered completed by October 1, 2009 (Amended Scheduling Order, Doc. No. 73). Under the same scheduling order, any motions for summary judgment were to be filed by November 1, 2009, and Defendant did so on October 29, 2009 (Doc. No. 123). At about the same time, Plaintiff filed a new Motion for Judicial Recusal, relying on *Caperton v. A.T. Massey Coal Co.*, 556 U.S. ___, 129 S. Ct. 2252 (2009).

   That Motion has now been denied. In doing so, the Court recognized that *Caperton* is amenable to both a narrow reading – limited to situations where parties with impending significant litigation contributed multi-million dollar amounts to elect favorable judges – and a very broad

reading – any judge as to whom there is a "probability of bias" is disqualified. (Decision and Order Denying Motion for Due Process Recusal, Doc. No. 135). Which interpretation will prevail is unknown and will probably require a great deal of litigation, as Chief Justice Roberts predicted. The Sixth Circuit has yet to decide a *Caperton* issue[1].

Whatever the Sixth Circuit decides to do with the new mandamus petition, it is unlikely to act before this case is set for trial on February 16, 2010, much less in time for the parties to avoid the expense of preparing for trial. Because the law on recusal is, in light of *Caperton*, perhaps unsettled, a decision by the Court of Appeals in Plaintiff's favor upon a broad reading of *Caperton* might result in making a jury trial wasted effort. Accordingly, the trial date and associated dates for final pretrial conference and filing the joint proposed final pretrial order are VACATED and will be re-set if the Sixth Circuit permits the case to proceed before the undersigned.

December 11, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

---

[1] Except, of course, that it denied rehearing en banc of Plaintiff's first Petition for Mandamus when he expressly requested it based on *Caperton*.