# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN T. VALENTE,

      Plaintiff,     :     Case No. 3:08-cv-225

    -vs-                                      Magistrate Judge Michael R. Merz

                                         :

UNIVERSITY OF DAYTON,

      Defendant.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

This case is before the Court on Plaintiff's Motion to Alter or Amend the Judgment (Doc. No. 144).

Judgment was entered in this case on January 4, 2010 (Doc. Nos. 142, 143) and Plaintiff's instant Motion was filed January 19, 2010. Defendant argues the Motion should be denied because it was untimely filed, relying on Fed. R. Civ. P. 59(e) in the form in which that Rule required the filing of a motion to amend within ten days of judgment.

Fed. R. Civ. P. 59(e)[1] was amended effective December 1, 2009, to allow a motion to alter or amend to be filed within 28 days of judgment. Although this case was filed well before December 1, 2009, the amendment applies to cases pending on its date of effectiveness (See March 28, 2009, Order of the United States Supreme Court adopting the 12/1/2009 amendments). The

---

[1] Plaintiff suggests the Motion might have been filed under some rule other than 59(e) when he states in his Reply "Even granting the Defendant's assumption that the Plaintiff's motion was filed pursuant to Fed. R. Civ. P. 59(e). . ." Even though Plaintiff cites no authority for the Motion in its text, there is no other authority for such a motion besides Fed. R. Civ. P. 59(e) and only such a motion would toll the time for appeal.

Motion was filed well within the 28 days now provided.

Even if Fed. R. Civ. P. 59(e) had not been amended, the Motion would have been timely. Prior to the December 1, 2009, amendments, when calculating periods of time less than eleven days, the ruler applier was instructed to exclude intervening Saturdays, Sundays, and legal holidays, as well as the day on which the even happened from which time began to run. The judgment was filed January 4, 2010. Under the old rule, one would have counted January 5, 6, 7, 8, 11, 12, 13, 14, 15, and 19. January 9, 10, 16, and 17 would be excluded as Saturdays or Sundays. Fed. R. Civ. P. 6(a)(2). January 18 would be excluded as a legal holiday, the birthday of Dr. Martin Luther King, Jr. Fed. R. Civ. P. 6(a)(4)(A). Since the Motion was filed on January 19, 2010, the tenth day that "counted" after judgment, it would have been timely even under the old Rule[2]

In his Reply, Plaintiff takes the position that since the only reason given by Defendant for opposing the Motion is invalid, the reasons he originally gave for granting the Motion must be accepted by the Court. Plaintiff states:

> In its reading of the Plaintiff's motion to alter or amend is [sic] order granting of the Defendant's motion for summary judgment, Court should make all interpretations of law and any possible reasonable understanding of facts in the light most favorable to the Plaintiff (the non-moving party in the motion for summary judgment.)

(Reply, Doc. No. 146, at 2.)

A motion under Rule 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* The Plaintiff has not presented any new evidence. Thus the

---

[2] On the time changes generally, see "The Time They Are A'Changin - With Apologies to Bob Dylan" - forthcoming in the Dayton Bar Briefs.

question on the present Motion is whether there was a manifest error of law in granting the summary judgment motion. In deciding that question, as in deciding questions of law on the summary judgment motion *ab initio*, the Court is not to interpret the law in the light most favorable to Plaintiff. Rather, the Court is to decide the questions of law. As to factual matters, Plaintiff is entitled to all reasonable inferences from the competent evidentiary material before the Court on the motion for summary judgment, not "any possible reasonable understanding of the facts."

Having reconsidered its Decision and Order in light of Plaintiff's Motion, the Court is not persuaded that it committed any manifest error of law. Plaintiff's Motion to Alter or Amend the Judgment is denied.

February 22, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge